GOVERNMENT OF THE DISTRICT OF COLUMBIA
DEPARTMENT OF HUMAN RIGHTS AND LOCAL BUSINESS DEVELOPMENT

# PRE-COMPLAINT QUESTIONNAIRE

## EMPLOYMENT

*THE INFORMATION REQUESTED ON THIS FORM WILL ALLOW US TO ASSIST YOU. THERE IS NO GUARANTEE THAT THE INFORMATION SUBMITTED WILL CONSTITUTE A BASIS FOR FILING A COMPLAINT.*

**Please complete the following questionnaire completely to the best of your knowledge. Be specific as possible in describing your allegations.**

**APPOINTMENT WITH: HAYDN G. DEMAS**
**441  4TH. STREET, N.W., ROOM 970N**
**WASHINGTON, D.C. 20001**
**(202) 727-3900**
**DATE:**
**TIME:**

05 2127

FILED

NOV - 1 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT


EXHIBIT
A

**EMPLOYMENT**
**PAGE 1**

Date completed  September 14, 2000

Name  McMillian, Tony
    Last        First        Middle

Address  727 Decatur Place N.E.
        Street                 Apt/Unit No.

    Washington D.C.   20017    Ward #5
    City           State    Zip Code   Ward (DC) or County (MD or VA)

Telephone  (202) 635-1496   **(Work)**  (202) 673-3360  **(Home)**

    NONE        **(Fax)**

Please contact me at   X  work   X  home.

Person to contact if you cannot be reached:

Name  Carmen McMillian    Telephone  (202) 635-1496

Address  727 Decatur Place N.E.   Washington D.C. 20017

**I WISH TO COMPLAIN AGAINST:**
**NAME OF EMPLOYER/CORPORATE ENTITY:**
 District of Columbia Fire & EMS Department

Address  1923 Vermont Avenue N.W.

    Washington D.C. 20001
City             State             Zip Code

Name and title of  President/Principal Officer/Owner/Human Resources Manager

_____  Telephone number_____

Number of employees in the District of Columbia _____

The following information must be provided for record keeping purposes by all Complainants:

Social security number  579 / 70 / 6367    Date of birth  1 / 9 / 54 Sex  X M ____ F

Race/ethnic origin ___ Black American _____

**EMPLOYMENT**
**PAGE 2**

Please mark the basis/protected class below which is the subject of your complaint:

| | | |
|---|---|---|
| _x_ Race | _x_ Sex | ____ Age |
| _X_ Color | ____ National Origin | ____ Religion |
| ____ Disability | ____ Marital Status | ____ Matriculation |
| ____ Personal Appearance | ____ Sexual Orientation | ____ Family Responsibilities |
| ____ Political Affiliation | _X_ Retaliation | |

How do you feel you were treated differently:

| | | |
|---|---|---|
| ____ Terminated | ____ Denied employment | ____ Denied promotion |
| ____ Sexual harassment | _x_ Other forms of harassment | _x_ Different treatment |

Date hired __06/27/77__    Position at time of hire _Emergency Medical Technician_
Salary __$8,316.00__

Are you presently employed with the employer?    _X_ Yes    ____ No

If no, date terminated or denied employment _____

Date(s) of alleged violations (i.e. suspension, denial of promotion, AWOL, LWOP)
Removed from my position as a Supervisory Paramedic on February 28, 2000 with no
written notice or reason.

Position and salary at the time of the alleged violation: _Supervisory Paramedic $49,920.99_

If denied employment or a promotion, please list the positions for which you applied:
N/A

Name and position of your immediate supervisor? _Jerome B. Stack Chief Supervisor_

Describe in detail the job action(s) that you believe was discriminatory (i.e. task assignments, performance evaluations, training opportunities, employment benefits), listing the dates and the officials/management involved. [Attach additional page(s) if necessary.]

Please see attached response:

CONTINUE ON NEXT PAGE:

On February 28, 2000, I (Tony Mc Millian) EMS Lieutenant, was removed from my position of Supervisory Paramedic, and reassigned/detailed to the Continuing Quality Improvement (CQI) Unit. Prior to this uncommon reassignment, the Honorable Mayor Anthony Williams had appointed Thomas Tippett as the interim Fire and EMS Chief. Under this new administration, Fire Chief Tippett promoted William Mould, Deputy Fire Chief, Fire Suppression to the rank of Assistant Fire Chief and assigned him to the EMS Bureau. Chief Mould was in charge of all day-to-day operations in the EMS Bureau.

On February 21, 2000, (prior to my removal) while on duty in the position of Supervisory Paramedic, at 1210 hours I received a page from my immediate supervisor, EMS Chief Supervisor Jerome Stack. Upon acknowledgement of the page, I was informed by Chief supervisor, Jerome Stack that the new chief in charge of the Emergency Medical Service Bureau was conducting a staff meeting with our platoon, at 1400 hours at the EMS Bureau Headquarters located at 1018 13th Street. N.W.

In attendance of the meeting was:  EMS Captain, Jerome Stack (WM), EMS Lieutenant, Thomas Clark (WM), EMS Lieutenant, Roberto Hernandez (HM), and Assistant Fire Chief William Mould (WM) who chaired the meeting. The agenda consisted of EMS field operations issues. Chief Mould addressed the issue of supervisor's inability to supervise EMT's and Paramedics appropriately. He stated something to the fact that " some people were not made to be supervisors, and some will be removed from the role of supervisory." At that point, I questioned the Chief's comment, and stated; " How many supervisors will be moved?" He replied. " Three (3) or four (4)."

My removal from my position of Supervisory Paramedic DS 699 Grade11, Step 7, on February 28, 2000, came as a complete shock. EMS Battalion Chief Lillian B. Carter requested that I come to her office. Upon my arrival she stated to me, that she had been instructed by Chief Mould to inform me of the reassignment. I asked her for a verbal statement, or something in writing to justify the reassignment. She informed me that she had nothing to provide, that she was only following his (Chief Mould's) directive. She instructed me to request a meeting with him for written clarification, and that she would attend the meeting with me for support. This was done, and no additional information was received from that meeting that took place in early March, 2000. Therefore, I am respectfully requested that an investigation be conducted. For I am convinced that I am a victim of blatant racial discrimination.

All District of Columbia Municipal Regulations regarding this matter is attached to this Government of the District of Columbia, Office of Human Rights, Per-Complaint Form.

I further request that the following District of Columbia, Fire and EMS Department personnel be interviewed regarding this matter. Each of the three (3) has been my supervisor's over the past 12 years.

- Danny R. Mott, Deputy Director, EMS
- Lillian B. Carter, Assistant Director, EMS
- Jerome B. Stack, Chief Supervisor

I am also requesting that my personnel records be reviewed for job performance, competency, and work ethics during the past 15 years. My records will indicate that I have performed at the level of outstanding during the following rating periods.

### Outstanding Performance Rating

04/85 – 03/86
04/86 – 03/87
04/87 – 03/88
04/88 – 03/89
04/89 – 03/90
04/90 – 03/91
04/91 – 03/92
04/92 – 03/93
04/93 – 03/94

### Excellent performance Rating

04/95 – 03/96
04/96 – 03/97
04/98 – 03/99

While in the position of Compliance Officer for the EMS Bureau, my Fiscal Year Reports, will demonstrate my level of expertise and commitment to this agency. The same spirit of excellence was also being carried out in my position of Paramedic Supervisor.

What has eroded since February 28, has been my credit reference. This reassignment has caused a financial hardship for my family and I. We have lost some very basic needs, such as personal transportation, and I still have not received anything in writing to this date, as to why I was removed from my position.

**EMPLOYMENT**
**PAGE 3**

**If you are claiming disability discrimination, please describe in detail the nature of your disability and if it applies, whether an accommodation was requested of your employer. List the date and the individual you notified of your disability.**

N/A

**Has the Respondent/employer treated you more harshly with respect to your employment than other persons who perform the same or similar work? If yes, please list the names, title and protected group of these persons.**

William G. Eberlin, Jr., Hattie B. Tompkins, Stephen V. Scelzo, Edward L. Thornton, Henry D. Lyles, Sheila M. Watson, Roberto Hernandez, Jr. and Thomas R. Clark. All Supervisory Paramedics, Female, White or look White.

**REFERRAL DATA:**

**If you have an attorney please provide the following information:**
**Name:**_____ **Telephone/Fax:**_____
**Address:**_____

**Please indicate how you were referred to this agency i.e., friend/co-worker, EEOC, HUD, telephone book, brochures published by the agency.**
On my own knowledge, of District of Columbia Municipal Regulations

- **D.C. Government Employees Only**

**Have you filed an informal complaint with an EEO Counselor? Yes _____ No X_____**

**Counselor's Name** _____
**Agency**_____
**Date of exit letter**_____
**Counselor's telephone number**_____

Employment 7/99

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## FIRE AND EMERGENCY MEDICAL SERVICES DEPARTMENT
### WASHINGTON, D.C. 20001



Mr. Tony McMillian
727 Decatur Place, N. E.
Washington, D.C. 20017

JAN 18 2001

Dear Mr. McMillian:

This is final notice that I am not able to resolve the EEO pre-complaint which you filed with me on November 20, 2000.  Your complaint involves being unofficially detailed out of your position, that of Supervisory Paramedic, DS-0699-11, since February 28, 2000, without any written documentation that explains "why you had been removed from your position."

As a result of my initial inquiry to the Emergency Medical Services Bureau, Deputy Chief, William E. Mould on December 14, 2000 sent to me the enclosed response.  And, on December 28, 2000, I did a follow-up memorandum to Chief Mould's correspondence.  (Copy enclosed) In that memorandum, I state that "It is my opinion that Lieutenant McMillian must resume the duties and responsibilities of his position just as soon as he returns to duty."  Based on information that I have been given, you have not been returned to your assigned position as of today's date.

Therefore, because this matter has not been resolved to your satisfaction, you are advised of your rights to file a formal complaint, in writing with the Director, Office of Human Rights, within fifteen (15) calendar days of this Final Notice.

You may contact the Intake Unit of that Department for an appointment on 727-3900, or you may visit the office in Suite 970 North, 441-4th Street, N. W., Washington, D.C.  20001, Monday through Friday, between the hours of 8:15 a.m. to 4:45 p.m.

You are reminded that the complaint must be in writing, and filed in person with the Director, Office of Human Rights.

Sincerely,

*Fredreika W. Smith*

Fredreika W. Smith, EEO Officer

05 2127

FILED

NOV - 1 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

_____
Signature of Complainant and Date

Enclosures

**EXHIBIT
B**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

| FROM FILING CHARGE |
| --- |
| THIS PERSON (check one) |
| ☒ CLAIMS TO BE AGGRIEVED |
| ☐ IS FILING ON BEHALF OF ANOTHER |

Fredreika W. Smith, EEO Officer
D.C. Fire and EMS Department
1923 Vermont Avenue, NW, Room 201S
Washington, D.C. 20001

| DATE OF ALLEGED VIOLATION | |
| --- | --- |
| Earliest | Most Recent |
| / / | / / |

PLACE OF ALLEGED VIOLATION

Washington, D.C.

EEOC CHARGE NUMBER

10CA10063

FEPA CHARGE NUMBER

01-073-DC(CN)

# NOTICE OF CHARGE OF DISCRIMINATION IN JURISDICTIONS WHERE A FEP AGENCY WILL INITIALLY PROCE
### (See attached Information sheet for additional information)

YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

☒ Title VII of the Civil Rights Act of 1964
☐ The Age Discrimination in Employment Act of 1967 (ADEA)
☐ The Americans with Disabilities Act

HAS BEEN RECEIVED BY

☐ The EEOC and sent for initial processing to _____
   D.C. Department of Human Rights and            *(FEP Agency)*
☒ The _Minority Business Development_ _____ and sent to the EEOC for dual filing purposes.
           *(FEP Agency)*

While EEOC has jurisdiction (upon the expiration of any deferral requirement if this is a Title VII or ADA charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the Agency and the Commission. This likelihood is increased by your active cooperation with the Agency.

☒ As a party to the charge, you may request that EEOC review the final decision and order of the above named Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission. Regardless of whether the Agency or the Commission processes the charge, the Recordkeeping and Non-Retaliation provisions of Title VII and the ADEA as explained in the "EEOC Rules and Regulations" apply.

For further correspondence on this matter, please use the charge number(s) shown.

☐ An Equal Pay Act investigation (29 U.S.C. 206(d)) will be conducted by the Commission concurrently with the Agency's investigation of the charge.
☒ Enclosure: Copy of Charge

05 2127

BASIS OF DISCRIMINATION

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NAT. ORIGIN ☐ AGE ☐ DISABILITY ☐ RETALIATION ☐ OTH

CIRCUMSTANCES OF ALLEGED VIOLATION

(charge enclosed)

**FILED**

NOV - 1 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| EXHIBIT |
| --- |
| **C** |

| DATE | TYPED NAME/TITLE OF AUTHORIZED EEOC OFFICIAL | SIGNATURE |
| --- | --- | --- |
| 4/17/01 | Tulio L. Diaz, (Acting) Director | |

EEOC FORM 131-A (Rev. 04/82)

**CHARGING PARTY'S COPY**

DISTRICT OF COLUMBIA
OFFICE OF HUMAN RIGHTS

IN THE MATTER OF

Tony McMillian                          )
                                        )
          Complainant                   )
                                        )
          -v-                           )     Docket No.: 01-073-DC(CN)
                                        )
D.C. Fire & EMS Department              )
                                        )
          Respondent                    )

## DISCRIMINATION COMPLAINT

I, Tony McMillian, residing at 727 Decatur Place, NE, Washington, D.C. 20017, charge Respondent, D.C. Fire & EMS Department, whose address is 1923 Vermont Avenue, NW, Washington, D.C. 20001, with an unlawful discriminatory practice relating to employment because of my race (Black). The discriminatory practice occurred on February 28, 2000 and is continuing.

## THE PARTICULARS ARE:

1.      On June 27, 1977, I was hired by Respondent as an Emergency Medical Technician earning $8,316.00 a year. My present position is Supervisory Paramedic earning $49,920.99 a year.

2.      I believe that I have been discriminated against and subjected to disparate treatment because of my race (Black) for the following reasons:

     a.      During my tenure of employment, Respondent has given me several promotions with increasing responsibilities, giving me the rank of EMS Lieutenant. Respondent gave me "Outstanding" performance ratings for the years 1985 to 1994, and "Excellent" performance ratings for the years 1995 to 1999. In my position as Compliance Officer for the EMS Bureau, my Fiscal Year Reports demonstrated my level of expertise and commitment to the agency. This same spirit of excellence was also being carried out in my position of Supervisory Paramedic, DS 699 Grade 11, Step 7.

-2-

b.  In 1999, Interim Fire and EMS Chief, Thomas Tippett (White), promoted Deputy Fire Chief Fire Suppression, William Mould (White), to the rank of Assistant Fire Chief and assigned him to the EMS Bureau. Asst. Chief Mould was in charge of the day-to-day operations in the EMS Bureau.

c.  On February 21, 2000, I attended a staff meeting of our platoon with my supervisor, EMS Captain, Jerome Stack (White), EMS Lieutenant, Thomas Clark (White), EMS Lieutenant, Roberto Hernandez (Hispanic), and chaired by Assistant Chief Mould. Asst. Chief Mould addressed the issue of a supervisor's inability to supervise EMTs and Paramedics appropriately. Asst. Chief Mould stated, "Some people were not made to be supervisors, and some will be removed from the role of supervisory." I questioned the Asst. Chief's comment, "How many supervisors will be moved?" Asst. Chief Mould replied, "Three (3) or four (4)."

d.  On February 28, 2000, EMS Battalion Chief, Lillian B. Carter (Black), informed me that she was instructed by Asst. Chief Mould to detail me to the Continuing Quality Improvement (CQI) Unit or Quality Assurance Office. Since Chief Carter had no written or verbal justification for this detail, I requested a meeting with Asst. Chief Mould for clarification. This meeting was held in early March 2000, but no additional information was presented to clarify the situation. In a later memo, Asst. Chief Mould would claim that I understood that a change had to be made, and that I stated, "I realize that I have a problem in dealing with members of the younger generation."

e.  I believe that I am a victim of racial discrimination, since I was the only Supervisory Paramedic reassigned to another unit. The other EMS Supervisory Paramedics were William G. Eberlin, Jr.; Hattie B. Tompkins: Stephen V. Scelzo; Edward L. Thornton; Sheila M. Watson; Roberto Hernandez, Jr.; and Thomas R. Clark. These supervisors are either White or look White. This reassignment to the Quality Assurance Office stripped me of my responsibilities and duties as a street supervisor and deprived me of the opportunity to earn overtime wages.

f.  Since October 2000, I have undergone medical treatment and therapy for work related stress and other medical problems which have caused me to take medical leave as a result of this reassignment.

-3-

g.    On November 20, 2000, I filed an EEO complaint of discrimination with Respondent's EEO Officer, Fredreika W. Smith (Black). On January 5, 2001, I had a meeting with Respondent's Medical Director, Fernando Daniels, III, M.D. (Black). I requested Dr. Daniels to hold my return to the position of Paramedic Supervisory in abeyance because of my ongoing mental counseling for job-related stress.

h.    Dr. Daniels shared with me three (3) written reports, dated January 05, 2001, from Asst. Chief Mould. These reports indicated that there was going to be a new Hospital Assist Program and I would be the Supervisor. Asst. Chief Mould also indicated that on January 2, 2001, he had received a response to my discrimination charge from Ms. Smith, which indicated that the Respondent could be seriously out of compliance with personnel rules and regulations if I continued to be detailed out of my position.

i.    On January 10, 2001, after my annual physical, Respondent's doctors placed me on sick leave because of my mental condition.

j.    On January 18, 2001, I received the final notice from Ms. Smith. Ms. Smith stated that in a memorandum to Asst. Chief Mould, dated December 28, 2000, she concluded, "It is my opinion that Lieutenant McMillian must resume the duties and responsibilities of his position just as soon as he returns to duty." Ms. Smith advised me that since I had not been returned to my original position, I should file a formal discrimination complaint with the Office of Human Rights.

k.    I believe I have been discriminated against and subjected to disparate treatment because of my race (Black) when Respondent detailed me to another unit without supplying a reason and then failed to return me to my original position of Supervisory Street Paramedic.

-4-

Therefore, I charge the Respondent with an unlawful discriminatory practice on the basis of my race in violation of the D.C. Human Rights Act of 1977, as amended.

I have not commenced any action, civil, criminal or administrative, based on the above allegations other than the following: **CROSSED FILED WITH THE EEOC.**

***** 

**Tony McMillian**, being duly sworn, deposes and says: that he is the Complainant herein; that he has read the foregoing complaint and knows the contents thereof; that the same is true of his own knowledge, except as the matters therein stated on information and belief; and that as to these matters he believes the same to be true.

**COMPLAINANT'S SIGNATURE**

Subscribed and sworn to before me
this 16th day of April 2001

**NOTARY PUBLIC**

GEORGIA A. STEWART
NOTARY PUBLIC, DISTRICT OF COLUMBIA
My Commission Expires March 31, 2003

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## Office of Human Rights



**Judiciary Square Office**
441 4th Street, NW Suite 570N
Washington, DC 20001
Phone: (202) 727-4559 • Fax: (202) 727-9589

**Penn Branch Office**
3220 Pennsylvania Avenue, SE, 1st Fl
Washington, DC 20020
Phone: (202) 727-4559 • Fax: (202) 645-6390

**Kenneth L. Saunders**
**Director**

## LETTER OF DETERMINATION

April 26, 2004

Mr. Tony McMillian
6002 Hawthorne St.
Cheverly, MD 20785

Reference:     ***Tony McMillian v. District of Columbia Fire & EMS Department***
               **Docket No.: 01-073-DC(CN)**
               **EEOC No.: 10CA10063**

Dear Mr. McMillian:

The Office of Human Rights (OHR) has completed the investigation of the above referenced complaint. You are referred to as **"COMPLAINANT."** The District of Columbia Fire & EMS Department is referred to as **"RESPONDENT."**

## ISSUE(S) PRESENTED

1. Whether Respondent subjected Complainant (black) to race-based disparate treatment when Respondent removed Complainant from his position as a supervisory paramedic and detailed him to a non-supervisory position.

   05 2127

2. Whether Respondent subjected Complainant to unlawful retaliation when Respondent: a) required Complainant to take another fitness-for-duty physical exam after successfully passing an annual physical examination two months earlier, and b) investigated Complainant for charges of sexual harassment and subsequently suspended him from duty.

   **FILED**

   NOV – 1 2005

## JURISDICTION

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Respondent is the agency of the District of Columbia responsible for rendering emergency medical services to the community. The alleged discriminatory acts occurred in the District of Columbia. Therefore, the OHR has jurisdiction over Respondent and the subject matter of this complaint.



**EXHIBIT**
**D**

*Tony McMillian v. The District of Columbia Fire & EMS Department*
Docket No.: 01-073-DC(CN)
EEOC No.: 10CA10063
Page 9 of 10

## NO CAUSE DETERMINATION

For the foregoing reasons:

1. The OHR finds **NO PROBABLE CAUSE** that Respondent subjected
   Complainant (black) to race-based disparate treatment when Respondent removed
   Complainant from his position as a supervisory paramedic and detailed him to a
   non-supervisory position.

2. The OHR finds **NO PROBABLE CAUSE** that Respondent subjected
   Complainant to unlawful retaliation when Respondent:  a) required Complainant
   to take another fitness-for-duty physical exam after successfully passing an annual
   physical examination two months earlier, and b) investigated Complainant for
   charges of sexual harassment and subsequently suspended him from duty.

## IT IS SO ORDERED.

## RIGHT TO APPLY FOR RECONSIDERATION

Complainant may apply for reconsideration of the No Probable Cause determination
pursuant to 4 DCMR § 109.5.  The application, along with all supporting documentation,
must be submitted in writing to the Director of the Office of Human Rights within fifteen
(15) calendar days from receipt of this letter.

Complainant may apply for reconsideration on the grounds of newly discovered
evidence, misapplication of laws, or misstatement of material facts.  The request must be
based on one or more of these grounds.  Newly discovered evidence is evidence that:  (a)
is competent, relevant, and material; (b) was not reasonably discoverable before the
issuance of this Letter of Determination; and (c) would alter the ultimate outcome in this
case.  The application for reconsideration may be dismissed if the application: (a) is not
based on one of the above grounds; or (b) is not timely filed.  **COMPLAINANT MUST
INCLUDE ALL SUPPORTING DOCUMENTATION AND REASONS FOR THE
RECONSIDERATION REQUEST IN THE ORIGINAL APPLICATION FOR
RECONSIDERATION.**  The OHR may forward a copy of any application for
reconsideration, along with all supporting documentation, to the other party for response
within ten (10) calendar days after receipt.

Pursuant to Rule 1 of Section XV of the Rules of Civil Procedure for the Superior Court
of the District of Columbia, if Complainant does not file a request for reconsideration,
Complainant has thirty (30) days from receipt of this Letter of Determination to file an
appeal with the District of Columbia Superior Court.

*Tony McMillian v. The I    ict of Columbia Fire & EMS Department*
Docket No.: 01-073-DC(CN)
EEOC No.: 10CA10063
Page 10 of 10

## RIGHT TO SUBSTANTIAL WEIGHT REVIEW

As a Complainant you have the right to a "Substantial Weight Review" from the U.S. Equal Employment Opportunity Commission (EEOC). To obtain a Substantial Weight Review, you must, within fifteen (15) calendar days, send your written request to: State and Local Coordinator, EEOC, 1400 L Street, N.W., Second Floor, Washington, D.C. 20005.

Sincerely,

Kenneth L. Saunders
Director

cc:
D.C. Fire and EMS Department
Fredreika W. Smith, EEO Officer
1923 Vermont Avenue, N.W., Room 201S
Washington, DC 20001



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Washington Field Office

1801 L Street, N.W., Suite 100
Washington, D.C. 20507
(202) 419-0714
TTY (202) 419-0702
FAX (202) 419-0739

**AUG 2 0 2004**

Tony McMillian
6002 Hawthorne Street
Cheverly, MD 20785

Re:    McMillian v. D.C. Fire & EMS Department
       EEOC Charge No. 10C A1 00063

Dear Mr. McMillian:

This is in response to your request for a substantial weight review of the above-referenced charge of employment discrimination. After careful review of your case, which was investigated by the D.C. Office of Human Rights, the EEOC has decided to adopt the decision of that agency. The enclosed document entitled "Dismissal and Notice of Rights" explains that if you wish to pursue the matter in court, you must file suit within 90 days.

Your charge filed in April 2001, alleged that you were discriminated against because of your race, Black, and in retaliation for complaining of discrimination. The EEOC has dismissed your charge because it is our judgment that we will not be able to prove, even with a rework of the investigation, that the D.C. Fire & EMS Department is in violation of Title VII of the Civil Rights Act of 1964, as amended.

If you would like to obtain copies of your investigative file, you need to contact the D.C. Office of Human Rights. Their offices are located at 441 4th Street, N.W., Suite 570N, Washington, D.C. 20001. I am sorry that we cannot help you further in this matter. If you have any questions, I can be reached at the above address and fax number or by phone at (202) 419-0714.

**05 2127**

Sincerely,

David Gonzalez
State & Local Coordinator

**FILED**

NOV - 1 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



EXHIBIT
E

# DISMISSAL AND NOTICE OF RIGHTS

To: **Tony McMillian**
**6002 Hawthorne Street**
**Cheverly, MD 20785**

From: **Washington DC Field Office**
**1801 L Street, N.W., Suite 100**
**Washington, DC 20507**

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 10C-2001-00063 | David Gonzalez, State & Local Coordinator | (202) 419-0714 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of **this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

~~Dana Hutter,~~ *fee:*

**Dana Hutter,**
**Acting Director**

AUG 2 0 2004

*(Date Mailed)*

Enclosure(s)

cc:
**D.C. FIRE AND EMS DEPARTMENT**
**1923 Vermont Avenue, N.W., Room 201s**
**Washington, DC 20001**



Revised: Position Description

EMS-B STAFF ASSISTANT/COMPLIANCE OFFICER DS-699-11

Staff Assistant (Compliance Officer), National Registry Emergency
Medical Technician/Paramedic DS-699-11

<u>DUTIES and RESPONSIBILITIES</u>:

- Carries out various responsibilities and provides staff
  assistance in regards to personnel actions, relating to
  employees in the positions of Emergency Medical
  Technicians, Intermediate Paramedics, Paramedics and a
  variety of other positions within the District of
  Columbia Fire and Emergency Medical Services
  Department, to such agencies as the D.C. Office of
  Personnel, Office of Human Rights, Office of Labor
  Relations, Corporation Counsel's Office, Office of
  Employees Appeals, Metropolitan Police Department's
  Internal Affairs Division, Office of Unemployment and
  the Equal Employment Opportunity Commission in order to
  facilitate the processing of such actions as employees
  infractions, appeals or grievances, management
  initiated disciplinary and adverse actions and citizens
  complaints;

- Ensures management adherence to contractual agreements
  between the Emergency Medical Services Bureau and the
  union representing employees of the Bureau;

- Reviews charges of employee infractions, investigative
  reports, investigate further if needed, etc. for
  compliance with established rules, regulations and
  procedures of pertinent regulatory or statutory
  agencies. Ensures that charges are properly documented
  before preparing written proposal or forwarding to
  appropriate agency(ies) for action;

- As necessary, interviews charging parties to obtain
  evidence relevant to allegations. Contacts respondents
  to serve charges, and explains respondent's rights and
  obligations under the law;

- Counsels employees who believe they have been
  discriminated against. Arranges for the prompt
  investigation of complaints and negotiates for informal
  resolution(s), if possible. Maintains and secures all

05 212

FILED

NOV - 1 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



EXHIBIT

F

files and documents pertinent to informal and formal complaints;

- Prepare written final decisions;

- Serves as the EMSB's Substance Abuse Coordinator whose duties include serving papers for annual physical examinations, scheduling counselling assistance, keeping records and files and informing employees of Department procedures regarding substance abuse;

- Answer allegations and interrogatories for the Office of Employee Appeals, Office of Human Rights and Office of Unemployment, also correlate all relevant documents for submission in agency's defense;

- Represents the Emergency Medical Services Bureau as a paralegal in cases before the Office of Employee Appeals and Office of Human Rights and Office of Unemployment;

- Prepares investigative information for the Office of the Corporation Counsel and the Fire and Emergency Medical Services Department's Investigative Board;

- Serves as the EMSB's Workmen's Compensation Coordinator, responsibilities and duties:

  a.  Obtain written report as to how and where the accident occurred.

  b.  Obtain completed forms; supervisor's investigative report, updated form 9, CA-16, and CA-17.

  c.  Obtain a copy of the hospital's diagnosis and prognosis.

  d.  Place the employee(s) on sick leave for his/her first three (3) duty days.

  e.  Maintain injured employees time and attendance (251).

  f.  Monitor and counsel injured employees regarding their rights as District Government Employees.

  g.  Maintain contact with the Office of Workmen's Compensation in order to process claims in timely matter.

  h.  Maintain contact with injured employee's private physician to obtain diagnosis or prognosis.

  i.  Assists non-functioning Emergency Medical Services

Bureau employees to identify employment opportunities, compatible with their specific disability(ies), in other District Government agencies.

j.  Complete all forms relevant to job related injuries or illnesses, keeping records, files and informing employees of Department procedures regarding job related injuries or illnesses;

-   Provides assistance in preparing operational and administrative procedures for the Emergency Medical Services Bureau's civilian personnel;

-   Assists in the orientation of new employees in regards to Department's regulations and policies;

-   Advises all levels of the Department personnel on procedures involving corrective actions, employee rights, time limitations, determination of appropriate penalties for specific offenses, etc;

-   Assures that the Department's copies of the District Personnel Manual (DPM) are kept up-to-date; type, file, track cases, develop and maintain statistical records, on an automated system (IBM Personal Computer);

-   Maintain an up-to-date certification as a National Registered Paramedic;

1.  Knowledge of specialized terminology and phraseology peculiar as it relates to the field of emergency medical services health care.

    a)  As a "Nationally Registered Emergency Medical Technician and Paramedic, the incumbent is thoroughly familiar with all specialized terminology and phraseology related to emergency medical care.

    b)  Ability to analyze and interpret the Fire and Emergency Medical Services Department's Medical Protocols, rules, regulations and policies of highly technical and specific nature.

    c)  Ability to work with specialized terminology and phraseology and convert it into laymen terms.

    d)  Have successfully completed training courses in areas of Emergency Medical Care, Staff Development, Advance Work-Perfect (computer)

negotiated contractual agreements, pertinent court decisions, and rulings of agencies such as the Equal Employment Opportunity Commission, Office of Employee Appeals, Office of Unemployment, and the Office of Human Rights.

The incumbent uses considerable independent judgement and ingenuity in interpreting and in applying guides to specific cases.

## COMPLEXITY

The work involves a variety of administrative duties and the incumbent uses a broad range of fact-finding and analytical techniques which require making decisions in interpreting varied and complex situations in the context of the requirements of laws, regulations or policies.   Decisions regarding what must be done includes major areas of uncertainty in defining issues; determining applicable precedents, laws or regulations to apply, and; determining the most effective approach and methodology.

## SCOPE AND EFFECT

Purpose of the assignments are to provide assistance to Department's top and mid-level management and staff by performing mediator duties with other District of Columbia Government agencies to ensure compliance with statutory and regulatory requirements relevant to agency personnel management practices and employee rights and obligations.

## PERSONAL CONTACTS

Includes top and mid-level management officials of the District of Columbia Fire and Emergency Medical Services Department; other relevant staff at all levels within other District and Federal Government agencies; various law offices and firms, and; union representatives that represent the Emergency Medical Services Bureau personnel before administrative proceedings.

## PURPOSE OF CONTACTS

Contacts are for the purpose of exchanging information, providing advice and assistance to Department managers, supervisors, employees and other District of Columbia Government agencies in processing complaints, grievances and charges of employee infractions of departmental rules, regulations, and operating policies.

## PHYSICAL DEMANDS

In that the incumbent is required to maintain an Intermediate Paramedic or Paramedic certification, the incumbent on occasion may experience prolonged periods of walking, standing, stooping, and bending.  The work of a Paramedic requires physical agility, manual dexterity, and the strength to physically restrain certain patients and lift and carry patients weighing up to 250 pounds on level

surfaces as well as on stairs and other uneven terrains.   The incumbent on occasion, may find it necessary to defend against physical attack.  While the incumbent is in an office setting, the work is primarily sedentary.

## WORK ENVIRONMENT

The work is primarily in an office setting, but during the incumbent's recertification period as an Intermediate Paramedic or Paramedic the position requires that the incumbent ride or drive an emergency motor vehicle to emergency scenes, to hospital emergency rooms.  The incumbent is also expose to other environments; Public streets, areas and buildings, private homes, yards, hallways, etc.

D.C. - 44
APRIL 1980

# *Memorandum*  •  Government of the District of Columbia

| | | |
|---|---|---|
| **TO:** | Tony McMillian<br>EMS Lieutenant | **Department,<br>Agency, Office:**   Fire<br>EMSB |
| **FROM:** | William E. Mould<br>Assistant Chief, EMS | **Date:** February 25, 2000 |

**SUBJECT:**    Detail to Continuing Quality Improvement

Effective February 27, 2000 at 0000 hours, you will be detailed to the Continuing Quality Improvement Section.  You are to report directly to EMS Lieutenant LaShon Frazier, CQI Manager.  Please contact Lieutenant Frazier upon receipt of this document to confirm work schedule arrangements.

Thank you in advance for your cooperation.



05 2127

FILED

NOV - 1 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT
G

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## FIRE AND EMERGENCY MEDICAL SERVICES DEPARTMENT
### WASHINGTON, D.C. 20001



ᴴEC 2 8 2000

## MEMORANDUM

TO:        Dr. Fernando Daniels, III M. D.
           Medical Director
           Emergency Medical Services Bureau

FROM:      Fredreika W. Smith
           EEO Officer

SUBJECT:   Discrimination Charge - Tony McMillian

This is a follow-up correspondence to the memorandum dated December 14, 2000 from Deputy Fire Chief William E. Mould concerning the subject identified above. His reply is not sufficient to continue to keep EMS Lieutenant McMillian detailed out of his position.

As I told Chief Mould on December 13, 2000, management has the right to reassign employees from position to position, as long as the assignment is done within the personnel rules and within union contract provisions, if appropriate. Lieutenant McMillian is not covered by union contract provisions, but is covered by the Management Supervisory Service.

Treatment of supervisory/management employees, who are now in the MS Service, is a bit different now than in the past. However, they maintain the right to be held accountable for performing duties in an officially classified position. According to Lt. McMillian, he has not been carrying out the duties and responsibilities of the position to which he is officially assigned (street supervisor), since February 28, 2000. If this is true, the agency is seriously out of compliance with personnel rules and regulations.

It is my opinion that Lieutenant McMillian must resume the duties and responsibilities of his position just as soon as he returns to duty, to avoid any further administrative action on his part against this agency.

**FILED**

cc:    DFC William E. Mould

05 2127    NOV - 1 2005



NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**EXHIBIT**
**H**