IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TONY McMILLIAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 04-2036 |
| | ) |
| THE DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## THE DEFENDANT THOMAS TIPPETT'S
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Thomas Tippett, by and through undersigned counsel, hereby moves this court to dismiss the complaint in the above-referenced matter. In support of this motion, defendant Tippett states the following:

1. Defendant Thomas Tippett cannot be held liable in his individual capacity under Title VII.

2. Plaintiff's claims of discriminatory demotion, hostile work environment and retaliation are not timely and must therefore be dismissed. Plaintiff's claim of retaliation must be dismissed because protected activity and adverse action too remote to support a causal link.

3. Defendant Tippett cannot be held liable on theory of conspiracy.

A memorandum of points and authorities in support of defendant Tippett's motion to dismiss the complaint is attached hereto.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, D.C.

Civil Litigation Division

_____
PATRICIA A. JONES #428132
Chief, General Litigation, Sec. IV

_____
GEORGE E. RICKMAN #433298
Assistant Attorney General
General Litigation, Sec. IV
P.O. Box 14600
Washington, DC 20044-4600
202-442-9840/fax 202-727-3625

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

TONY McMILLIAN, )
)
    Plaintiff, )
)
v. )    Civil Action No. 04-2036
)
THE DISTRICT OF COLUMBIA, *et al.*, )
)
    Defendants. )

### THE DEFENDANT THOMAS TIPPETT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO DISMISS THE COMPLAINT

Preliminary Statement

Plaintiff avers that the District of Columbia Fire Department ("DCFD") implemented a discriminatory policy and practice of demotions, resulting in his demotion to lower rank. Plaintiff further avers that the District, by and through its employees and/or agents, "deliberately and intentionally mistreated" him based solely on his race; that the District, again by and through its employees and/or agents, "conspired against plaintiff and did nothing to prevent the alleged wrongful conduct;" that the District engaged in a pattern an practice of discriminatory treatment; that the District retaliated against plaintiff because he engaged in a protected activity; and intentionally inflicted emotional distress. See Complaint ("Compl.")(generally).

Plaintiff specifically avers that on February 28, 2000, three African-American supervisors, plaintiff, Paul Bullock and William McLaughlin, were removed from their supervisory paramedic positions. Compl. at ¶ 38. In plaintiff's case, the demotion resulted in a salary reduction from $2097.03 every two weeks to $789.00 every two weeks. According to

plaintiff, this was during a time period in which then Interim Chief Thomas Tippett made numerous other reassignments and demotions of African American employees within DCFD. Compl. at ¶ 40. This included the demotion of Danny Mott, an African American, from the position of Deputy Director of Emergency Medical Services. Mr. Mott was replaced with Chris Zervas, a white male. Compl. at ¶ 39.

According to plaintiff, he was first employed by DCFD on June 27, 1977, as an Emergency Medical Technician. Compl. at ¶ 17. Since the time of his employment, plaintiff alleges that he received numerous commendations and promotions, culminating in his promotion to the position of supervisory paramedic on August 4, 1997. Compl. at ¶¶ 18- 24. Included in these promotions was the position of Compliance Officer from 1988 to 1997. Compl. at ¶ 18.

Plaintiff avers that on November 20, 2000, he filed a complaint with DCFD's Equal Employment Opportunity Officer, Fredericka Smith, alleging racial discrimination. Compl. at ¶ 48. Later, on January 23, 2001, plaintiff avers that he filed a complaint with District of Columbia Office of Human Rights. Compl. at ¶ 52. This complaint details the circumstances of his demotion from the supervisory position to lower grade. Compl. at Exh. A. No other complaints are raised in the charging document that was filed the D.C. Human Rights Commission. *See* Compl. at Exh. A (generally).

On a previous occasion, while in the position of compliance officer, plaintiff opposed the District's settlement of a racial discrimination suit with Mr. Zervas. Compl. at ¶¶ 28 through 32. Plaintiff further avers that once his report objecting to the settlement was filed, he began "experiencing difficulties he had never before experienced." Compl. at ¶ 33. Plaintiff avers that while on leave for stress related problems for the period beginning on January 23,

2001, to February 1, 2002, he was ordered to take sick leave as opposed to administrative leave thereby requiring him to exhaust his annual and sick leave. Compl. at ¶ 50. Plaintiff further avers that after returning to work in February of 2000, he was ordered to repeat a fitness for duty examination on May 1, 2002. Compl. at ¶ 54. Plaintiff further complains that he was subject to repeated charges of sexual harassment. The first charge on September 24, 2002, was investigated and found to be unsubstantiated. Compl. at ¶¶ 56 and 57. Plaintiff also claims that he was "accused" of sexual harassment on November 15, 2002, and later charged on December 6, 2002. As a result, plaintiff received a seven day suspension. Compl. at ¶ 64. Plaintiff seeks to hold defendant Tippett liable under Title VII and under a conspiracy theory. For the following reasons, dismissal is appropriate.

Argument

Standard to be Applied

In reviewing the sufficiency of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), a court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) and citing *Gardner v. Toilet Goods Assn.,* 387 U.S. 167, 172 (1967)). The court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts. *See Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994). The motion can be granted, and the complaint dismissed, only if no relief could be granted upon those facts. *Id*.

A. <u>Thomas Tippett cannot be held individually liable under Title VII</u>.

Plaintiff has sued Thomas Tippett in his individual capacity. Inasmuch as Mr. Tippett cannot held liable in his individual capacity, the suit should be dismissed against him. *Wallace v. Skadden, Arps, Slate, Meagher, Flom*, 715 A.2d 873, 889 (D.C. 1998); *Gary v. Long*, 313 U.S. App. D.C. 403, 59 F. 3d 1391 (1995) ("While a supervisory employee may be joined as a party defendant in a Title VII action, that employee must be viewed as being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII."). Accordingly, dismissal against defendant Tippett is required under Title VII.

B. <u>Plaintiff's complaints of racial discrimination, retaliation and discriminatory hostile work environment were not timely filed with the District of Columbia Office of Human Rights.</u>

Under Title VII, 42 U.S.C. 2000-5(e)(1), plaintiffs must first file any charges of alleged discrimination with the Equal Employment Opportunity Commission within 180 days of the alleged discrimination, or within 300 days when filing with a state agency. *Currier v. Radio Free Europe/ Radio Liberty, Inc.,* 159 F.3d 1363, 1366 n.2 (D.C. Cir. 1998). This exhaustion requirement is for all claims of discrimination brought under *Title VII* before proceeding to court. *Delaware State College v. Ricks,* 449 U.S. 250 (1980); *Jarrell v. United States Postal Service,* 753 F.2d 1088 (D.C. Cir. 1985).

Plaintiff alleges that on February 28, 2000, he along with two other African Americans were removed from their positions as a supervisory paramedics. Plaintiff further claims that this effected a demotion in rank, reducing his salary from $2097.03 every two weeks to $789.00 every two weeks and was based on racial discrimination. Plaintiff, however, did not first file with the D.C. Office of Human Rights until January 23, 2001, more than 300 days after the alleged act of discrimination. By the explicit requirements of Title VII, plaintiff failed

to timely file his claims with the District's Office of Human Rights. His claims of racial discrimination as to his alleged demotion must therefore be dismissed.

Similarly, plaintiff avers that in 1996 he raised his objections to the District's settlement with Mr. Zervas. Compl. at ¶ 29. This, according to plaintiff, was a protected activity that forms the basis for a theory of retaliation. Remarkably though, the charging document that was filed with the D.C. Office of Human Rights fails to raise any claim of retaliation as based on this protected act or raise any facts directed thereto. Even if he had filed a claim consistent with the charging document that was filed on January 23, 2001, it would nonetheless be untimely. Plaintiff's claims of retaliation as based on his objections to the 1996 settlement must therefore be dismissed.

  C. <u>Plaintiff failed to exhaust his administrative relief for any claims of hostile work environment and, in part, his claims of retaliation.</u>

Before proceeding with a lawsuit under Title VII, plaintiffs must first exhaust administrative relief. 42 U.S.C. § 2000-5(e)(1). This requires plaintiffs to file with either the Equal Employment Opportunity Commission or other state human rights agency a precise and detailed complaint of the allegations and charges. *Delaware State College v. Ricks,* 449 U.S. 250 (1980). These claims must include each alleged act of discrimination or must identify the parties and generally describe the actions complained of. *Park v. Howard University,* 71 F.3d 904 (D.C. Cir. 1995) *also see Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002). A general claim of discrimination is not sufficient and at least some factual allegations that indicate a precise violation occurred. *Currier v. Radio Free Europe/Radio Liberty Inc.,* 159 F.3d 1363, 1368 (D.C. Cir. 1998) *citing Delaware State College v. Ricks,* 449 U.S. 250, 257 (1980). A Title VII lawsuit following an EEOC charge "…is limited in scope to claims that are 'like or

reasonably related to the allegations of the charge and growing out of such allegations.'" *Park,* 71 F.3d at 907 *citing Cheek v. Western Southern Life ins. Co.,* 31 F.3d 497, 500 (7th Cir. 1994).

In the complaint filed with the D.C. Office of Human Rights, plaintiff alleged facts related to his removal from a supervisory position DCFD. Plaintiff did not allege, complain or otherwise aver any facts as related to his claims of retaliation and hostile work environment. *See* Compl. at Exh. A (generally). Plaintiff's complaint that was filed with the D.C. Office of Human Rights makes no mention of the memorandum he purports to have written in 1999 and any unspecified difficulties he alleges to have suffered. Moreover, plaintiff's charging document with the D.C. Office of Human Rights does not articulate or state any of the facts upon which he relies for his hostile work environment claim or his retaliation claim as related to the 1999 memorandum. Accordingly, dismissal is appropriate.

> D.  Plaintiff's claims of retaliation must be dismissed in part because he has failed to state an adverse employment action.

In order to state a colorable claim of retaliation under Title VII, plaintiff must show that 1) he engaged in a protected activity; 2) that the employer took an adverse employment action; and 3) that a causal relationship existed between the two. *Morgan v. Federal Home Loan Mortgage Corp.,* 328 F.3d 647, 651 (D.C. Cir. 2000). Moreover, unsubstantiated or false accusations do rise to the level of an adverse employment action. *Rowland v. Riley*, 5 F. Supp. 2d 1, 3 (D.D.C.1998) (false accusations without negative employment consequences do not constitute adverse actions.). Moreover, any adverse action in the absence of any other evidence, must be temporally proximate in order to show a causl nexus between the complained of action and the protected activity. *Singletary v. District of Columbia,* 351 F.3d 519 (D.C. Cir. 2003).

Plaintiff claims that in 2001, following the filing of his EEO complaint, he was required

to retake a physical examination prior to his return to work, and on two occasions was accused of sexual harassment. The first charge of sexual harassment was unsubstantiated, while he was suspended for seven (7) days as a result of the second charge.

Plaintiff complains that on January 23, 2003, he filed his complaint with the D.C. Office of Human Rights. As a protected activity, plaintiff further claims that on December 6, 2002, he was suspended seven (7) days following a charge of sexual harassment. A one year gap, in the absence of other evidence indicating a causal connection, is far too remote in time to support an inference of causation. *Devera v. Adams*, 874 F. Supp. 17, 21, (D.D.C. 1995) ("an eight month interval between the two events is not strongly suggestive a causal link"); *Garret v. Lujan*, 799 F. Supp. 198, 202 (D.D.C. 1992) (almost a year "between plaintiff's EEO activity and the adverse employment decision is too great [a length of time] to support an inference of reprisal"). As such, plaintiff's claim of retaliation must be dismissed as he has failed to establish any adverse action that resulted from any alleged misconduct.

E.  Thomas Tippett cannot be held liable on a theory of civil conspiracy.

A civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means. *Graves v. U.S.*, 961 F. Supp. 314, 320 (D.D.C. 1997), *reconsideration denied*, 967 F. Supp. 572. However, "a corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation." *Hilliard v. Fergusan*, 30 F.3d 649, 653 (5th Cir. 1994) (citation omitted). A government and its officials comprise a single entity, and therefore are not capable of entering into a conspiracy. *Michelin v. Jenkins*, 704 F. Supp. 1, 4 (D.D.C. 1989). Sometimes known as the intracorporate immunity doctrine, this general rule has been applied in cases against the District as a municipal corporation and its agencies. *See,*

*e.g., Gladden v. Barry*, 558 F. Supp. 676 (D.D.C. 1983). As defendant Tippett cannot conspire with the District or any of the District's agents as a matter of law, no conspiracy can be demonstrated here.

Moreover, "[t]here is no recognized tort action for civil conspiracy in the District of Columbia." *Executive Sandwich Shoppe, Inc., v. Carr Realty Corp.*, 749 A.2d 724, 738 (D.C. 2000) (quoting *Waldon v. Covington,* 415 A.2d 1070, 1074 n.14 (D.C. 1980)). Rather, "[c]ivil conspiracy depends on the performance of some underlying tortious act . . . . it is thus 'not independently actionable; rather, it is a means for establishing vicarious liability for the underlying tort.'" *Id.* (quoting *Halberstam v. Welch*, 705 F.2d 472, 479 (D.C. Cir. 1983)).

Plaintiff claims that the District and its employees had knowledge of these events and conspired against plaintiff. Compl. at ¶¶ 74-76. Inasmuch as the District and its employees comprise a single common entity, any claim of conspiracy must fail. Plaintiff's claim of a conspiracy as averred in Count III of the complaint must therefore be dismissed.

                                            Respectfully submitted,

                                            ROBERT J. SPAGNOLETTI
                                            Attorney General for the District of Columbia

                                            GEORGE C. VALENTINE
                                            Deputy Attorney General, D.C.
                                            Civil Litigation Division

                                            _____

                                            PATRICIA A. JONES #428132
                                            Chief, General Litigation, Sec. IV

                                                         _____

GEORGE E. RICKMAN #433298  
Assistant Attorney General  
General Litigation, Sec. IV  
P.O. Box 14600  
Washington, DC 20044-4600  
202-442-9840/fax 202-727-3625

Case 1:05-cv-02127-JR    Document 2    Filed 01/13/2006    Page 12 of 12