IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TONY McMILLIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2127 |
| ) | |
| THE DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

THE DEFENDANT DISTRICT OF COLUMBIA AND THOMAS TIPPETT'S
MOTION TO DISMISS PLAINTTFF'S COMPLAINT

The defendant District of Columbia ("District"), by and through undersigned counsel, hereby moves this Court to dismiss plaintiff's complaint in the matter referenced above. As reasons for this motion, the District states the following:

1. Plaintiff's claims as against the District are barred by *res judicata.*

2. Plaintiff's lawsuit as against defendant Tippett is duplicative and must be dismissed.

3. Under Title VII, Thomas Tippett cannot be sued in his individual capacity. Therefore, plaintiff's Title VII claim against defendant Tippett must be dismissed as a matter of law.

4. Plaintiff did not file this complaint within the 180 day filing period as required by 42 U.S.C. § 2000e (f)(1) (2000), and therefore dismissal is appropriate.

5. Since plaintiff's intentional infliction of emotional distress claim is intertwined with his Title VII claim it must be dismissed as a matter of law since he is precluded from pursuing the Title VII claim against these defendants.

A memorandum of points and authorities in support of this motion and proposed order are attached hereto.

Respectfully submitted,

ROBERT SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, D.C.
Civil Litigation Division

---

PATRICIA A. JONES #428132
Chief, General Litigation IV

---

GEORGE E. RICKMAN #433298
Assistant Attorney General
Civil Litigation Division
General Litigation Section IV
P.O. Box 14600
Washington, DC  20044-4600
202-442-9840/fax 202-727-3625

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TONY McMILLIAN, )<br>)<br>Plaintiff, )<br>)<br>v.  )<br>)<br>THE DISTRICT OF COLUMBIA, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 05-2127 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THE
DEFENDANT DISTRICT OF COLUMBIA AND THOMAS TIPPETT'S MOTION TO
DISMISS PLAINITFF'S COMPLAINT

Preliminary Statement

Plaintiff avers that the District of Columbia Fire Department ("DCFD") implemented a discriminatory policy and practice of demotions, resulting in his demotion to lower rank. Compl., at ¶ 67. Plaintiff further avers that the District, by and through its employees and/or agents, "deliberately and intentionally mistreated" him based solely on his race. Additionally, plaintiff avers that the District, again by and through its employees and/or agents, "conspired against him and did nothing to prevent the alleged wrongful conduct." Plaintiff submits that the District engaged in a pattern and practice of discriminatory treatment; and that the District retaliated against him because he engaged in a protected activity. Plaintiff also seeks to hold this defendant liable for intentional infliction of emotional distress. See Complaint ("Compl.")(generally).

Plaintiff states that he initially filed his complaint with the D.C. Office of Human Rights on January 23, 2001, and received his determination letter on April 26, 2004. Compl. at ¶¶ 7 through 9. Plaintiff next alleges that he then filed a complaint of

discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). He received his right to sue letter from the EEOC on August 23, 2004. Compl., at ¶ 12. Plaintiff filed this complaint on November 1, 2005.  *See* Docket Entry # 1.

On November 19, 2004, plaintiff filed a complaint in this Court alleging the same facts and claims.  *See* Complaint, Docket Entry #1 in Civil Action No. 04-2036.  By Order, dated May 2, 2005, the Court dismissed Civil Action No. 04-2036. *See* Docket Entry #6 in Civil Action No. 04-2036.   For the reasons set forth above, this defendant is entitled to dismissal of plaintiff's action against it with prejudice.

Argument

I.	Standard to be Applied

In reviewing the sufficiency of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), a court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiff.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) and citing *Gardner v. Toilet Goods Assn.,* 387 U.S. 167, 172 (1967)).  The court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts.  *See Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994).  The motion can be granted, and the complaint dismissed, only if no relief could be granted upon those facts.  *Id*.

II.     Dismissal is Appropriate.

    A.    <u>Plaintiff's Claims Against the District are Barred by *Res Judicata.*</u>

Under the doctrine of *res judicata*, parties are barred from relitigating cases and issues in which judgment has previously been entered by a court of competent jurisdiction. *Dynaquest Corp. v. United States Postal Service*, 242 F.3d 1070, 1076 (D.C. Cir. 2001). In order to prove *res judicata*, a party must show: 1) the identity of the parties in interest; 2) a judgment rendered by a court of competent jurisdiction; 3) a final judgment on the merits; 4) an identity of the cause of action in both suits. *Paley v. Ogus,* 20 F. Supp 2d 83 (D.D.C. 1998) *citing Brannock Assoc. v. Capitol,* 807 F. Supp. 127, 134 (D.D.C. 1992).

This case meets all four tests for application of the doctrine of *res judicata.* In both cases filed by plaintiff against the District, he raised the same facts and claims against the District. By Court Order, dated May 2, 2005, Civil Action No. 04-2036 was dismissed against the District. See Docket Entry #5. The dismissal of these claims was on the merits, and precludes plaintiff's ability to relitigate those claims in this court action against this defendant. Accordingly, dismissal of this action against the District is appropriate.

    B.    Plaintiff's Duplicative Lawsuit Against Defendant Tippett Must Be Dismissed.

Plaintiff filed the instant lawsuit against the herein-named defendants on November 1, 2005. See Docket Entry #1. However, on November 19, 2004, plaintiff filed the exact same lawsuit against the District and Thomas Tippett. See Civil Action No. 04-2036 (RMU), at Docket Entry #1. Defendant Tippett remains a party defendant in that lawsuit and his Motion to Dismiss remains pending. See Docket Entry #11, at

attachment #2.  This duplicative lawsuit against defendant Tippett should be dismissed as a matter of law as plaintiff has no right to maintain this duplicative lawsuit against this defendant.  *See Curtis v. Citibank,* 226 F.3d 133 (Second Cir. 2000), holding the power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation." The doctrine is also meant to protect parties from the vexation of concurrent litigation over the same subject matter.  *See also, Zerilli v. Evening News Ass'n,* 628 F.2d 217, 222 (D.C. Cir. 1980); *Walton v. Eaton Corp.,* 563 F.2d 66, 70 (3d Cir. 1977), holding plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.

      C.      Plaintiff is Time Barred from Pursuing His Title VII Claim Against the District.

Under Title VII, an aggrieved party must file suit within 180 days of the receipt of a right to sue letter issued by the Equal Employment Opportunity Commission. 42 U.S.C. § 2000e (f)(1) (2000), *as cited in Griffin v. Acacia Life Insurance, Co.,* 151 F. Supp 2d 78, 80 (D.D.C. 2000). The defendant has the burden of proving that an action is untimely. *Brown v. Marsh,* 777 F.2d 8, 14 (D.C. Cir. 1985).

By plaintiff's own admission, he received his right so sue letter on/or about August 23, 2004.  However, he did not file this lawsuit until November 1, 2005; over a year after he received the right to sue letter.  Therefore, plaintiff's complaint must be dismissed with prejudice.

      D.      Plaintiff May Not Pursue His Intentional Infliction of Emotional Distress Claim Against these Defendants.

Plaintiff seeks to hold these defendants liable under a theory of intentional infliction of emotional distress.  See Complaint, at ¶¶ 83-85.  However, plaintiff's

intentional tort claim and allegations arise out of the same operative facts and are intimately intertwined with his Title VII claim.  See Complaint, generally.  Because plaintiff is barred from pursuing his Title VII claim against these defendants, he also may not maintain his intentional tort claim against these defendants.

`                                                              Respectfully submitted,

ROBERT SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, D.C.
Civil Litigation Division

_____
PATRICIA A. JONES #428132
Chief, General Litigation IV

_____
GEORGE E. RICKMAN #433298
Civil Litigation Division
General Litigation Section IV
P.O. Box 14600
Washington, DC 20044-4600
202-442-9840/fax 202-727-3625