UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Tony McMillian<br>6002 Hawthrone Street<br>Cheverly, Maryland  20785<br><br>    Plaintiff<br><br>vs.<br><br>District of Columbia, <u>et al.</u><br>c/o Mayor Anthony Williams<br>(a Municipal Corporation)<br>1350 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20004<br><br>    Defendants | Civil Action No.<br>1:05CV02127<br>Judge James Robertson |

**PLAINTIFF'S OPPOSITION TO DEFENDANT DISTRICT OF COLUMBIA AND THOMAS TIPPETT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COMES NOW, Plaintiff Tony McMillian, through and by his attorney Bernard C. Coleman, Jr., and opposition to defendants District of Columbia and Thomas Tippett's motion to dismiss states as follows:

1. That issue preclusion is not applicable to the procedural and factual distinctions in these cases.

2. That consolidation is proper when a duplications of cases are before the Court.

3. That the filing on plaintiff's cause of action is timely.

4. That under Title VII Tippett can be sued in his individual capacity when he commits an unconstitutional act outside his scope of employment.

5. That the District of Columbia as a municipal corporation is liable for constitutional violations.

6. That the District of Columbia and Tippett retaliated against the plaintiff.

7. That the defendant Tippett may be held liable in his individual capacity for conspiracy against the plaintiff.

8. Plaintiff reserves the right to amend the complaint once discovery is completed to conform the complaint to the evidence.

This motion is supported by a memorandum of points and authorities in support of this motion.

Respectfully submitted,

*Bernard C. Coleman*
Bernard C. Coleman, Jr.
Attorney for Plaintiff
D.C. Bar No. 437011
1718 Seventh Street, N.W.
Washington, D.C.  20001
(202) 232-6970

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

```
Tony McMillian                      )
6002 Hawthrone Street               )
Cheverly, Maryland  20785           )
                                    )
     Plaintiff                      )  Civil Action No.
                                    )  1:05CV02127
vs.                                 )  Judge James Robertson
                                    )
District of Columbia, et al.        )
c/o Mayor Anthony Williams          )
(a Municipal Corporation)           )
1350 Pennsylvania Avenue, N.W.      )
Washington, D.C.  20004             )
                                    )
     Defendants                     )
                                    )
```

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO DEFENDANTS DISTRICT OF COLUMBIA AND THOMAS TIPPETT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

This memorandum is submitted in support of the attached Opposition to Motion to Dismiss.

### Brief Procedural History

Plaintiff's initial filing on this complaint occurred on November 24, 2004, civil action number 04-2036. Defendant District of Columbia filed a motion to dismiss on January 7, 2005. Plaintiff established an e-mail account in the ECF system on or about February 18, 2005. The defendant was aware that plaintiff did not have an established e-mail account and was supposed to forward the pleading via U.S. mail. Moreover, the bottom of the Notice of Filing has a section that says **NOTICE WILL BE DELIVERED BY OTHER MEANS TO.** The defendant knowingly and deliberately circumvented

the rules of notice. By sending the motion to dismiss to a non-existing e-mail account plaintiff was deprived of timely notice.

The local rules on this Court is silent on the matter of notification when opposing counsel does not have an established e-mail account. However, the ECF User's Manual states on page 21 that "it is the filer's responsibility to serve hard copies to attorneys who are not set-up for electronic notification. This process was also confirmed by the Operations Analyst when this attorney attended the orientation class for ECF training.

Moreover, plaintiff expected a response from defendant District of Columbia within sixty (60) days not twenty days. Due to plaintiff's failure to respond to the defendant's motion to dismiss, the Court dismissed plaintiff's complaint against the District of Colummbia on May 2, 2005, but not against the defendant Thomas Tippett.

### Statement of Facts

The plaintiff Tony McMillian has been an employee of the District of Columbia since June 27, 1977. He has worked a variety of positions in the Emergency Medical Services in the course of his employment. In November 1999, Thomas N. Tippett was made interim Fire Chief and his tenure was until September, 2000. Prior to his appointment as interim Fire Chief, Thomas N. Tippett was president of Local Union 36 with no experience in the DC Fire Department. Thomas N.

Tippett had an ongoing relationship with Chris Zervas, William E. Mould and other high-ranking fire department offficers who were also affiliated with Local Union 36. During his tenure as Fire Chief, Thomas N. Tippett instituted special orders that promoted pre-selected Caucasian employees and removed African-Americans in managerial and supervisory positions. Similar-situated whites either remained in their supervisory or managerial positions or was promoted.

On February 28, 2000 the plaintiff was removed from his position as supervisory paramedic and supposedly detailed to a nonsupervisory position by the interim Fire Chief Thomas N. Tippett. The Fire Chief's decision was carried out by Deputy Fire Chief Mould to make changes in plaintiff's position.

The plaintiff filed an EEO pre-complaint on November 20, 2000 claiming discrimination and it was assigned to Fredreika W. Smith, EEO Counselor. In a letter from Ms. Smith, date January 18, 2001, plaintiff was advised to file a formal complaint in writing with the Director, Office of Human Rights. On January 23, 2001 the plaintiff filed an employment discrimination complaint with the Office of Human Rights.

On April 16, 2001 and on April 17, 2001, plaintiff filed dual employment complaints with DC FEPA, charge number 01-073-DC(CN) and respectively, United States Equal Employment Opportunity Commission, charge number 10C A1

0063.  The Office of Human Rights forwarded a letter to the plaintiff dated April 26, 2004 informing him that it found no probable cause.  Plaintiff was informed a Right to Substantial Weight Review with the United States Equal Employment Opportunity Commission could be filed.  Subsequently, plaintiff filed a Right to Substantial Weight Review on May 12, 2004.

Plaintiff received a letter dated August 20, 2004 from the EEOC informing him that regarding his request for Substantial Weight Review that they were unable to prove discrimination under Title VII.  Attached to this letter was a Dismissal and Notice of Right to Sue letter giving plaintiff ninety (90) days to file the matter in federal court.  The present action was timely filed on November 19, 2004.

As interim Fire Chief, Thomas N. Tippett removed more than a dozen African-American employees in the EMS and Fire Department who occupied managerial and supervisory positions.  Their removals were by detail or demotion and without the proper SF-52's from the Office of Personnel.  None of the more than twelve managers and supervisors filed discrimination claims except the plaintiff. Chief Tippett assigned William Mould as the overseers of the EMS. Ms. Fredreika W. Smith informed Deputy Chief Mould that the removal of the plaintiff was illegal but to no avail.

The networking in the Fire Department by nepotism and cronyism is a longstanding custom; however, not endorsed by

4

the District government. Although not endorsed by the District government it is allowed and has been allowed to fester and grow for the past twenty-five years, if not longer. During Tippett's tenure his management staff promoted a racial animus toward the African-American employees occupying supervisory and management positions.

The plaintiff, Tony McMillian, as Compliance Officer was fully aware of the discriminatory claims made by employees due to his being a liasion with Corporation Counsel and the U.S. Attorney's Office. The plaintiff was aware of the claims made by Chris Zervas and how the claims lacked merit albeit settled for $70,000.00 and Zervas promoted to the rank of captain. Nevertheless, the "cronies" of Chris Zervas conspired to engage in conduct that would interfere with the plaintiff's civil rights.

Since the filing of the discrimination complaints the plaintiff was falsely accused of sexual harassment and was subjected to seven days without pay. Plaintiff was required to take a fitness for duty examination when he lacked the objective criteria for such an examination. When attempting to take leave for job related stress the plaintiff was forced to take sick leave rather than administrative leave.

### A. Issue Preclusion Not Applicable

"In the case of a judgment entered by confession, consent, or default, none of the issues is actually

5

litigated and issue preclusion does not apply." 18 C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure, Sections 4419, 4442, 4443 (1981); Restatement (Second) of Judgments, Section 27 comment e (1982).

The dismissal of 04-2036 against the District of Columbia did not impose the bar of res judicata. The Court in its ruling acted upon a concession or default by plaintiff for failure to respond to defendant's motion in a timely fashion.

"When applying res judicata to bar causes of action that were not before the court in the prior action, due process of law and the interest of justice requires cautious restraint. Restraint is particularly warranted when the prior action was dismissed on procedural grounds." Kearns v. General Motors Corp., 94 F.3d 1553, 1556(Fed.Cir.1996).

The Court's dismissal was not a final judgment on the merits. "A final judgment on the merits of an action precludes the parties or their privies from relitigatiing issues that were or could have been raised in that action." Commissioner v. Sunnen, 333 U.S. 591,597 (1948), Cromwell v. County of Sac, 94 U.S. 351,352-353 (1877).

"...[i]f such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded. A failure to plead at a certain time is a default". Black's Law Dictionary, 5th Edition.

### B. Consolidation Proper When Duplication Occurs

6

The Court in Walton v. Eaton Corp., 563 F.2d 66,71 (1977) stated, "[w]hen a court learns that two possibly duplicative actions are pending on its docket, consolidation may well be the most administratively efficient procedure. If... the second complaint proves to contain nothing new, consolidation of the two actions will cause no harm provided that the district court carefully insures that the plaintiff does not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed."

Plaintiff filed the second complaint only after it was dismissed by the Court due to defendant's failure to mail the complaint to plaintiff knowing that an e-mail account did not exist to receive the electronic mailing.

Plaintiff intends to file a motion to consolidate the actions pursuant to LCvR 40.5(d).

**C. Timeliness of Plaintiff's Discrimination Claims**

Plaintiff has been an employee of the District Government since June 27, 1977. Plaintiff's claim of employment discrimination occurred on February 28, 2000 when he was demoted to a non-supervisory position within the EMS Bureau. On November 20, 2000 plaintiff filed a complaint with the agency EEO alleging unlawful discrimination in employment on the basis of race, color and retaliation. The case was assigned to Ms. Fredreika W. Smith, EEO Counselor.

7

"While it is clear that a timely administrative charge is a prerequisite to initiation of an employment discrimination action, time-filing requirements are not jurisdictional prerequisites to suit, but are more like a statute of limitations, subject to waiver, estoppel, and equitable tolling." Civil Rights Act of 1964, Section 701 et seq., as amended, 42 U.S.C.A. Section 2000e et seq. <u>Brown vs. General Services Administration</u>, 425 U.S. 820, 832-33, 96 S.Ct. 1961, 1967-68, 48 L.Ed.2d 402(1976).

On January 23, 2001, plaintiff filed an initial complaint of employment discrimination with the D.C. Office of Human Right. Moreover, on April 16, 2001 and on April 17, 2001, plaintiff filed dual employment complaints with Office of Human Rights, charge number 01-073-DC(CN) and respectively, EEOC, charge number 10C A1 0063. "The timely filing of a complaint with the [District of Columbia] Office [of Human Rights] shall toll the running of the statute of limitations while the complaint is pending before the Office." <u>Executive Sandwich Shoppe vs. Carr Realty</u>, 749 A.2d 724,734(D.C. 2000).

The D.C. Office of Human Rights (OHR) is certified by the EEOC to grant or seek relief from an unlawful employment practice and the EEOC defers the initial review and investigation to said agency." 29 C.F.R. Section 1601.80(1994). The employer (District Government) was on notice that its actions violated Title VII and was afforded an opportunity to pursue a mutually satisfactory resolution

8

with the plaintifff. Relevant evidence has been compiled and preserved by both parties through administrative records plaintiff filed with the employer.

Under the D.C. Human Rights Acts, only public employees are required to submit their claims through an administrative proceeding. Section 1-2543 provides that:

> Notwithstanding any other provision of this chapter, the Mayor shall establish rules of procedure for the investigation, conciliation, and hearing of complaints filed against the District government agencies, officials and employees alleging violations of this chapter. The final determination shall be made by the Mayor or his designee.

Plaintiff's claim arose out of discrimination in the work-place and he processed the complaint through established administrative procedures. Plaintiff exhausted his administrative remedies prior to obtaining from the EEOC a Notice of Right to Sue letter on August 20, 2004. "Under Title VII an aggrieved employee must file a charge with the EEOC and obtain from that agency a notice of right to sue before he has access to the courts." 42 U.S.C. Section 2000e-5(c)(1982). "It is not until such a notice issues that the time period for filing a civil action begins to run." Anderson vs. United States Safe Deposit Co., et al., 552 A.2d 859(D.C. App. 1889), 862, n.10.

Plaintiff filed this action in federal court on November 19, 2004. "A civil action under Title VII must be

9

brought within 90 days after the giving of the notice of right to sue." 42 U.S.C. Section 2000e-5(f)(1).

### D. Tippett is Personally Liable for Constitution Violations

A few months after taking the interim position of Fire Chief, Tippett personally directed his subordinate, Deputy Fire Chief Mould to remove plaintiff from his supervisory position. Interim Fire Chief Tippett had an opportunity to utilize the personnel regulations in a proper fashion but elected to pursue a course of action that was discriminatory and unconstitutional.

"Where a defendant is alleged to have personally committed a constitutional violation, such a defendant may not rely on the doctrine of sovereign immunity, because he or she is being sued in his or her individual capacity." Graves v. United States, 961 F.Supp. 314,319(D.D.C. 1997). See Schowengerdt v. General Dynamics Corp., 823 F.2d 1328, 1332-33, n.3(9th Cir. 1987)(citing U.S. v. Yakima Tribal Court, 806 F.2d 853, 859 (9th Cir. 1986), cert. denied, 481 U.S. 1069, 107 S.Ct. 2461, 95 L.Ed.2d 870 (1987); see also Kenyatta v. Moore, 623 F.Supp. 224, 228 (S.D.Miss. 1985)(holding that federal employee who uses his office to commit a federal constitutional violation is not allowed to claim that office as grounds for an absolute immunity defense).

10

Interim Fire Chief Tippett took specific actions in violation of plaintiff's constitutional rights as a District of Columbia government official. Moreover, Tippett was acting individually and not in his capacity as a government agent. The Court in <u>Larson v. Domestic and Foreign Commerce Corp.</u>, 337 U.S. 682, 690, 696-97, 93 L.Ed 1628, 1461, 1464-65, 1467 (1949), "noted that when a federal official commits an unconstitutional act, he is necessarily acting outside his official capacity."

Moreover, Interim Fire Chief Tippett, as a government official is not immune from prosecution under the civil rights statutes. This defendant discriminated against an employee of the District of Columbia and violated clearly established constitutional rights of the plaintiff.

"On the merits, to establish personal liability...it is enough to show that the official...caused the deprivation of a federal right." <u>Kentucky v. Graham, et al.</u>, 473 U.S. 159, 166 (1985).

E. **The District of Columbia as a Municipal Corporation is Liable for Constitutional Violations**

The plaintiff Tony McMillian was an employee for the District of Columbia Emergency Medical Services Bureau within the Fire Department. "A demoted employee can sue the District under Title VII because it was an employer within the meaning of 42 U.S.C. Section 2000e(b)." <u>Gladden v. Barry</u>, 558 F.Supp 676, 679-80 (1983).

11

The U.S. Supreme Court in Bank of the United States v. Deveaux, 5 Cranch 61, 86(1809) denied that corporations were persons. However, by 1844, the Deveaux doctrine was abandoned. "[A] corporation created by and doing business in a particular state, is to be deemed to all intents and purposes as a person, although an artificial person,...capable of being treated as citizen of that state, as much as a natural person." Louisville R. Co., v. Letson, 2 How. 497, 558 (1844). The Letson principle extended to municipal corporations and under this principle municipal corporations are routinely sued in federal courts.

Finally, "official-capacity suits against an officer are generally treated as suits against the governmental entity of which the officer is an agent." Monell v. New York City Department of Social Services, 436 U.S. 658, 690, n. 55 (1978).

### F. Retaliation Claim

"A prima facie case of retaliation under Title VII is established when employee demonstrates that: he engaged in protected behavior; he was subjected to adverse action by employer; and there is a causal link between adverse action and protected activity." Civil Rights Act of 1964, Section 701 et seq., 42 U.S.C.A. Section 2000e et seq., Mitchell vs. Baldrige, 759 F.2d 80,86(D.C. Cir.1985); McKenna vs. Adams, 729 F.2d 783,790(D.C. Cir. 1984).

Plaintiff brought his employment discrimination claim on November 20, 2000. The supervisory personnel within the Fire Department was aware of plaintiff's complaints and the investigation of the matter by EEO Counselor, Fredreika W. Smith. Assistant Chief Mould promised the plaintiff that he would become the new Hospital Assist Program supervisor. Dr. Daniels showed the plaintiff three written reports dated January 5, 2001 from Assistant Chief Mould that plaintiff would be the new supervisor. Due to the claim against the Fire Department the plaintiff was denied the new supervisory position. "The causal connection may be demonstrated by circumstantial evidence that leads to an inference of retaliatory motive." Devera vs. Adams, 874 F.Supp 17,21(D.D.C. 1995).

### G. Conspiracy Claim

"A civil conspiracy is defined as an agreement between two or more people to participate in an unlawful act or a lawful act in an unlawful manner." Hobson vs. Wilson, 737 F.2d 1, 51(D.C. Cir. 1984).

The custom of the "old boy network" in the D.C. Fire Department has been highlighted by several cases in the D.C. federal courts and in newspaper accounts for more than twenty-five years or more. The history of nepotism and cronyism is a longstanding custom albeit not officially

13

sanctioned by the District Government but no less allowed to exist within the agency.

Immediately upon becoming interim Fire Chief, Defendant Tippett removed African-American employees occupying management and supervisory positions in EMS and replaced them with white employees. To effectively carry out this unlawful act there were several identified subordinates who were complicit in this conspiracy who failed to enforce constitutional safeguards and the protected rights of African-American employees.

"To make the conspiracy actionable, there must be an overt act in furtherance of the object of the conspiracy that injures plaintiff is his person or property." Id. at 52.

### Conclusion

For all the reasons stated above, plaintiff's motion should be granted and Defendants District of Columbia and Thomas Tippett directed to file a responsive pleading to plaintiff's complaint.

Dated: January 23, 2006

Bernard C. Coleman, Jr.
Attorney for Plaintiff
D.C. Bar No. 437011
1718 Seventh Street, N.W.
Washington, D.C. 20001
(202) 232-6970

14

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

```
Tony McMillian                        )
6002 Hawthrone Street                 )
Cheverly, Maryland  20785             )
                                      )
        Plaintiff                     )  Civil Action No.
                                      )  1:05CV02127
vs.                                   )  Judge James Robertson
                                      )
District of Columbia, et al.          )
c/o Mayor Anthony Williams            )
(a Municipal Corporation)             )
1350 Pennsylvania Avenue, N.W.        )
Washington, D.C.  20004               )
                                      )
        Defendants                    )
                                      )
```

**O R D E R**

UPON CONSIDERATION of the Plaintiff's Opposition to Defendants District of Columbia and Thomas Tippett's Motion to Dismiss the complaint, memorandum of points and authorities in support thereof, the facts and the record herein, it is this _____ day of _____, 2006, and it is

ORDERED that the Defendants motion to dismiss is DENIED; and it is

FURTHER ORDERED that the Defendants shall file a responsive pleading on or before the _____ day of _____, 2006.

```
                            _____
                            Judge James Robertson
                            U.S. District Court
```